**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA-HUTCHINSON DIVISION**

| | |
|---|---|
| ASHLEY BELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:17-cv-1025 |
| NATIONAL CREDIT ADJUSTERS, LLC, | ) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ASHLEY BELL ("Plaintiff"), through her attorney, Molner Merrigan, LC, alleges the following against Defendant, NATIONAL CREDIT ADJUSTERS, LLC ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. §1692k

3. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in Kenner, Louisiana.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency headquartered in Hutchinson, Reno County, Kansas.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with a pay day loan.

16. The alleged debt at issue arises from transactions for personal, family, and household purposes.

17. In or around June, 2016, Defendant began calling Plaintiff on Plaintiff's cellular telephone, ending in 7005.

18. Defendant calls Plaintiff from 504-799-1771, which is one of Defendant's telephone numbers.

19. On more than one occasion since June, 2016, Plaintiff answered one of Defendant's calls and spoke with one of Defendant's collectors.

20. During the aforementioned conversation, Plaintiff told Defendant's collector that she was not able to make any payments, and requested Defendant stop calling her cellular telephone.

21. Despite Plaintiff's multiple disputes and requests, Defendant continued to place several collection calls to Plaintiff on her cellular telephone number.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

22. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff after Plaintiff requested Defendant stop calling her; and

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff after Plaintiff requested Defendant stop calling her.

WHEREFORE, Plaintiff, ASHLEY BELL, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT ADJUSTERS, LLC, for the following:

23. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

25. Any other relief that this Honorable Court deems appropriate.

                                          RESPECTFULLY SUBMITTED,

DATED: January 30, 2017        By: /s/Mark D. Molner_____
                                          Mark D. Molner, Esq.
                                          SBN 24493
                                          Molner/Merrigan, LC
                                          111 W 10th Street
                                          Kansas City, MO 64105
                                          T (816) 200-2572
                                          F (816) 326-0930
                                          mark@molnermerrigan.com